845 F.2d 326
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
NATIONAL LABOR RELATIONS BOARD, Petitioner,
v.
RYDER SYSTEM, INC.; Ryder Distribution Systems, Inc.; and
DPD, Inc., Respondents.
 Nos. 86-5970, 86-6170.
 United States Court of Appeals, Sixth Circuit.
 April 21, 1988.
 
 Before WELLFORD and DAVID A. NELSON, Circuit Judges, and GEORGE CLIFTON EDWARDS, Jr., Senior Circuit Judge.
 
 
 1
 THIS CAUSE came on to be heard upon the application of the National Labor Relations Board for the enforcement of a certain order issued by it against Respondents, Ryder System, Inc., Ryder Distribution Systems, Inc., and DPD, Inc., Memphis, Tennessee, their officers, agents, successors, and assigns on 24 June 1986. The Court heard argument of respective counsel on 12 February 1988, and has considered the briefs and transcript of record filed in this cause. On 17 March 1988, the Court, being fully advised of the premises, handed down its opinion granting in part and denying in part enforcement of the Board's Order. In conformity therewith, it is hereby
 
 
 2
 ORDERED AND ADJUDGED by the Court that Respondents, Ryder System, Inc., Ryder Distribution Systems, Inc., and DPD, Inc., Memphis, Tennessee, their officers, agents, successors, and assigns, shall:
 
 1. Cease and desist from
 
 3
 (a) Directing employees to meetings for the purpose of obtaining their signatures on authorization cards for District 2-A, Transportation, Technical, Warehouse, Industrial and Service Employees Union, affiliated with District 2, MEBA-AMO, AFL-CIO, or any other labor organization;
 
 
 4
 (b) Telling employees that they want the aforesaid labor organization and that their employees are signing authorization cards for it;
 
 
 5
 (c) Telling employees that they do not want employees with Teamster attitudes;
 
 
 6
 (d) Encouraging employee signatures on authorization cards for the aforesaid District 2-A, or any other labor organization;
 
 
 7
 (e) Recognizing the aforesaid District 2-A, or entering into or maintaining a collective bargaining agreement with it or any other labor organization, at such times as such labor organization does not represent an uncoerced majority of their employees.
 
 
 8
 (f) Refusing to hire or otherwise discriminating against applicants for employment because of their assistance to or support for Local Motor Freight Employees No. 667, affiliated with International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, or any other labor organization.
 
 
 9
 (g) Refusing to recognize or bargain collectively with Local Motor Freight Employees No. 667, affiliated with International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, as the exclusive bargaining representative of employees in the following appropriate unit:
 
 
 10
 All over-the-road truckdrivers employed by them through their Diesel Recon account at their Memphis, Tennessee, location, who are engaged in transporting goods for Diesel Recon, excluding all other employees, office clerical employees, guards and supervisors as defined in the Act.
 
 
 11
 (h) In any other manner interfering with, restraining, or coercing their employees in the exercise of rights guaranteed them by Section 7 of the National Labor Relations Act (hereinafter called the Act).
 
 
 12
 2. Take the following affirmative action designed to effectuate the purposes of the Act:
 
 
 13
 (a) Offer each individual named in footnote 4 of the Administrative Law Judge's Decision full reinstatement to his former position as a full-time over-the-road truckdriver in their Diesel Recon account at their Memphis, Tennessee location, except those who have already been so reinstated, or, if such position no longer exists, to a substantially equivalent position, without prejudice to his seniority or other rights and privileges, dismissing, if necessary, any employee hired to fill such position.
 
 
 14
 (b) Make whole each discriminatee named in footnote 4 of the Administrative Law Judge's Decision for any loss of pay he may have suffered by reason of the discrimination against him, in the manner described in the section of the Administrative Law Judge's Decision entitled "The Remedy."
 
 
 15
 (c) Withdraw and withhold from District 2-A, Transportation, Technical, Warehouse, Industrial and Service Employees Union, affiliated with District 2, MEBA-AMO, AFL-CIO, recognition of it as the bargaining representative of the employees in the above-described appropriate unit, and void their collective bargaining agreement entered into with such labor organization covering said employees.
 
 
 16
 (d) Recognize, and, upon request, bargain collectively with Local Motor Freight Employees No. 667, affiliated with International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, as the exclusive collective bargaining representative of all employees in the appropriate unit described above, and, if an agreement is reached, embody such agreement in a signed written contract.
 
 
 17
 (e) Preserve and, upon request, make available to the Board or its agents for examination and copying, all payroll records, social security payment records, timecards, personnel records and reports, and all other records necessary to determine the amount of reimbursement due under the terms of this Judgment.
 
 
 18
 (f) Post at all their facilities in Memphis, Tennessee, including such facilities of Diesel Recon as they may be utilizing, copies of the attached notice marked "Appendix." Copies of said notice, on forms provided by the Regional Director for Region 26 of the National Labor Relations Board (Memphis, Tennessee), shall be posted immediately upon receipt thereof, and be maintained by them for 60 consecutive days thereafter, in conspicuous places including all places where notices to employees are customarily posted. Reasonable steps shall be taken by Respondents to ensure that said notices are not altered, defaced, or covered by any other material.
 
 
 19
 (g) Notify the said Regional Director, in writing, within 20 days from the date of this Judgment what steps Respondents have taken to comply herewith.
 
 APPENDIX
 NOTICE TO EMPLOYEES
 
 20
 POSTED PURSUANT TO A JUDGMENT OF THE UNITED STATES COURT OF
 
 
 21
 APPEALS ENFORCING IN PART AND DENYING IN PART AN
 
 ORDER OF THE NATIONAL LABOR RELATIONS BOARD
 An Agency of the United States Government
 
 22
 The National Labor Relations Board has found that we violated the National Labor Relations Act and has ordered us to post and abide by this notice.
 
 
 23
 WE WILL NOT direct employees to meetings to obtain their signatures on authorization cards for District 2-A, Transportation, Technical, Warehouse, Industrial and Service Employees Union, affiliated with District 2, MEBA-AMO, or any other labor organization.
 
 
 24
 WE WILL NOT tell employees that we want the aforesaid District 2-A, or that our employees are signing authorization cards for it.
 
 
 25
 WE WILL NOT tell employees that we do not want employees with the Teamsters' attitude.
 
 
 26
 WE WILL NOT encourage employee signatures on authorization cards for the aforesaid District 2-A, or any other labor organization.
 
 
 27
 WE WILL NOT recognize or bargain with the aforesaid District 2-A, or maintain a collective-bargaining agreement with it or any other labor organization, when it does not represent an uncoerced majority of our employees.
 
 
 28
 WE WILL NOT refuse to hire nor will we otherwise discriminate against applicants for employment because of their assistance to or support of Local Motor Freight Employees No. 667, affiliated with International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, or any other labor organization.
 
 
 29
 WE WILL NOT refuse to recognize or bargain collectively with the aforesaid Local 667 as the bargaining representative of our employees in the following unit:
 
 
 30
 All over-the-road truckdrivers employed by us through our Diesel Recon account at our Memphis, Tennessee, location, who are engaged in transporting goods for Diesel Recon, excluding all other employees, office clerical employees, guards, and supervisors as defined in the Act.
 
 
 31
 WE WILL NOT in any other manner interfere with, restrain, or coerce you in the exercise of the rights guaranteed you by Section 7 of the Act.
 
 
 32
 WE WILL offer full reinstatement to 32 applicants for employment whom we discriminated against because of their support of Local 667 as full-time over-the-road truckdrivers, and WE WILL make them whole, with interest, for any losses they may have suffered because of our discrimination against them.
 
 
 33
 WE WILL withdraw recognition from the aforesaid District 2-A as the representative of the employees in the unit described above, and void our collective-bargaining agreement with the labor organization covering such employees.
 
 
 34
 WE WILL recognize and, on request, bargain with the aforesaid Local 667 as the representative of the employees in the foregoing unit and, if agreement is reached, embody it in a signed written contract.
 
 
 35
 RYDER SYSTEM, INC.
 
 
 36
 (Employer)
 Dated ________ By ____________
 RYDER DISTRIBUTION SYSTEMS, INC.
 (Employer)
 Dated ________ By ____________
 DPD, INC.
 (Employer)
 Dated ________ By ____________
 
 
 37
 This is an official notice and must not be defaced by anyone.
 
 
 38
 This notice must remain posted for 60 consecutive days from the date of posting and must not be altered, defaced, or covered by any other material. Any questions concerning this notice or compliance with its provisions may be directed to the Board's Office, Mid-Memphis Tower Building, Suite 800, 1407 Union Avenue, P.O. Box 41559, Memphis, Tennessee 38174, Telephone 901--521--2687.